**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:19-cv-62430-UU

CARLY BITTLINGMEYER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

AFFORDABLE DENTISTRY OF
SOUTH FLORIDA CORP,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL TO**
**MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS**

Plaintiff CARLY BITTLINGMEYER ("Plaintiff") submits this Supplemental in light of Defendant's Motion to Set Aside Default Judgment ("Motion") and the accompanying ("Affidavit") by Defendant AFFORDABLE DENTISTRY OF SOUTH FLORIDA CORP ("Defendant"). Plaintiff submits that, although this Court has already denied Defendant's Motion, the Affidavit supplied by Defendant is a continuation of Defendant's attempt to defraud this Court.

Subsequent to this Court's Order [D.E. 9], it came to Plaintiff's attention that Defendant, in light of the nature of Plaintiff's claim and relief sought, namely, *the certification of a punitive class and class-based relief against Defendant*, Defendant purposely chose *not* to respond to this lawsuit in an attempt to limit its liability and to otherwise thwart the relief sought by Plaintiff. On November 12, 2019, Defendant strategically garnered the default which it now seeks to set aside. D.E. 18.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

On November 27, 2019, in light of Defendant's default, Plaintiff subpoenaed for deposition: [1] Defendant ADSFL, of whom was served with a subpoena *duces tecum*; [2] Eric Schultz, individually and as an agent of ADSFL; and [3] Agueda Perez-Diaz, individually and as an agent of ADSFL (collectively, the "Deponents"), whereby the Deponents were to appear for deposition and produce requested documents. The Deponents, however, **did not** appear for deposition, and instead, Agueda Perez-Diaz chose to appear on the date, time, and address, of the deposition to further ADSFL's frustration of Plaintiff's discovery and otherwise mock the authority of this Court. D.E. 15.

Now, on December 13, 2019, Defendant submits the Motion at issue, wherein Defendant seeks to have this Court set aside its default in this action, and in support thereof, offers the Affidavit. The Affidavit, however, is nothing more than a continuation of Defendant's mockery of the above-captioned action and this Court. In particular, in the Affidavit, Defendant asserts that its website currently contains the following language: "**I understand these calls or texts may use computer-assisted dialing or pre-recorded messages**." D.E. 18-1 at ¶ 11. This statement deceitfully implies that such statement has *always* been present on Defendant's website. In reality, it was only *after* the commencement of the above-captioned action that Defendant modified the language found on Defendant's website.

The following image represents the most recent portrayal of Defendant's website, which pursuant to the Affidavit, Defendant would have this Court believe such language *always* existed on Defendant's website:

PAGE | **2** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com



In reality, however, no such language existed on Defendant's website prior to the commencement of the above-captioned action. The below image was taken from Defendant's website *at the commencement* of this action.



Defendant's desperate attempts to thwart the relief sought by Plaintiff began when Defendant was served with Process, and as evidenced by Defendant's Affidavit, remains ongoing. This is further bolstered by the very language of the Affidavit, and for that matter, logic. Afte, attempting to hoodwink this Court into believing Defendant's website contains language disclosing its use of computer assisted dialing and pre-recorded messages, the Affidavit continues

PAGE | **3** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

its farce with the strange proposition that Defendant does not own or use any such equipment. D.E. 18-1 at ¶ 12-18.

**WHEREFORE**, Plaintiff, respectfully, requests that this Court grant Plaintiff's Motion [D.E. 15], compel Defendant ADSFL's deposition, compel Agueda Perez-Diaz's individual deposition, compel Eric Schultz's individual deposition, sanction Defendant ADSFL in the amount of attorneys' fees and costs incurred by Plaintiff due to Defendant ADSFL intentional frustration of discovery, and award such further relief as the Court deems just and proper.

Dated: December 17, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2019, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

/s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259